UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| GERALD FREES, # 623134, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-609 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PAUL DUBY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On October 13, 2010, the court entered an order dismissing "Defendants' Motion for Dismissal Based on Plaintiff's Failure to Exhaust Administrative Remedies" (docket # 14) without prejudice, because the motion was procedurally defective. (10/13/10 Order, docket # 17). Defendants' motion relied on unauthenticated exhibits (docket # 15-1 at ID #s 63-70) that could not be considered under Rule 12(b)(6) or Rule 56(e). *See Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009); *Max Arnold & Sons, LLC v. W. L. Hailey & Co.*, 452 F.3d 494, 502-03 (6th Cir. 2006) (*en banc*). Rather than curing these foundational defects by restricting their motion to a challenge to the adequacy of plaintiff's complaint under Rule 12(b)(6) or by filing an affidavit authenticating the exhibits they offered in support of a motion for summary judgment, defendants elected to file the motion for reconsideration now before the court. (docket # 25). Upon review, the court finds no basis for disturbing its earlier order, and the motion for reconsideration will be denied.

In *Jones v. Bock* 549 U.S. 199, 220 (2007), the Supreme Court held that "exhaustion is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendants to show that plaintiff failed to properly exhaust his administrative remedies. *Id.* This burden can rarely be satisfied in the 12(b)(6) context, because dismissal under Rule 12(b)(6) on an affirmative defense is appropriate only when the affirmative defense is established "on the face" of the plaintiff's complaint.[1] 549 U.S. at 215. Further, the Court emphasized that lower courts "should not depart from the usual practice under the Federal Rules of Civil Procedure on the basis of perceived policy concerns," because such changes "must be obtained by the process of amending the Federal Rules, and not by judicial interpretation." 549 U.S. at 212, 217. It is with the Supreme Court's firm and unambiguous guidance in mind that this court proceeds to address defendants' motion for reconsideration.

**1.**

Defendants argue that their "motion for dismissal" was not defective, because on the last two pages of the supporting brief (Plf. Brief at 6-7, docket # 15) they argued that plaintiff filed his complaint "before allowing the administrative process to be completed," and apparently believe that the court should have interpreted this as an argument under Rule 12(b)(6) that defendants' affirmative defense is established on the face of plaintiff's complaint. (docket # 26, Def. Brief at 3).

---

[1] "[T]he case law makes clear, the complaint is [] subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy, but for this to occur, the applicability of the defense has to be clearly indicated on the face of the pleading to be used as the basis for the motion." 5B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357 at 708-10 (3d ed. 2004).

The argument that the affirmative defense is established on the face of plaintiff's complaint is not presented in defendants' original brief and cannot be inferred from it. This argument borders on the frivolous, as a plaintiff has no obligation to address exhaustion in the complaint. *Jones*, 549 U.S. at 216.

Further, the grounds for the relief sought must be specified in the motion itself and cannot be buried somewhere in a supporting brief. Rule 7(b)(1)(B) of the Federal Rules of Civil Procedure requires that a motion "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B); *see Schmidt v. Michigan*, No. 1:10-cv-307, 2010 WL 2720868, at * 1 (W.D. Mich. July 7, 2010); *accord United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *King v. West Corp.*, No. 8:04cv318, 2005 WL 3508516 (D. Neb. Dec. 21, 2005). Defendants' motion (docket # 14) and supporting brief (docket # 15) did not invoke Rule 12(b)(6), or for that matter, any other rule of civil procedure. The Court of Appeals would not likely tolerate defendants' preferred and exceedingly sloppy practice, in which the *pro se* plaintiff is left to guess whether the defendants are making a Rule 12(b)(6) challenge to the adequacy of his complaint or whether, in the summary judgment context, they are demanding that he come forward with evidence supporting his claims. *See Bruce v. Correctional Med. Servs., Inc.*, No. 08-6339, 2010 WL 2842736, at * 2 (6th Cir. July 21, 2010); *accord Hernandez v. Coffey*, 582 F.3d 303, 307-09 (2d Cir. 2009).

**2.**

Defendants improperly attempted to support their motion to dismiss with exhibits. Under Rule 12(b)(6), a court is generally restricted to examining the adequacy of the plaintiff's

complaint. *See* FED. R. CIV. P. 12(d); *see also Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010). The exhibits in question were not attached to plaintiff's complaint, such that they could be considered under Rule 10(c) without converting the Rule 12(b)(6) motion into a motion for summary judgment. FED. R. CIV. P. 10(c); *see Koubriti v. Convertino*, 593 F.3d 459, 462 n.1 (6th Cir. 2010) ("Documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss.").

The Sixth Circuit recognizes that, in addition to the allegations of the complaint, the court "may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ley v. Visteon Corp.*, 543 F.3d 801, 805 (6th Cir. 2008). These exceptions to the general rule are not without limitation. *See Jones v. Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). The unauthenticated exhibits at issue (docket # 15-1 at ID #s 63-70) are represented to the court as plaintiff's grievance, the responses to it, and a grievance report generated in response to this lawsuit. These exhibits cannot be cannot be considered integral to plaintiff's complaint, because proof of exhaustion of administrative remedies is not part of the plaintiff's claim. It is an affirmative defense. *Jones v. Bock*, 549 U.S. at 216.

The public records exception is "a narrow exception to Rule 12(d)." *Doss v. Clearwater Title Co.*, 551 F.3d 634, 640 (7th Cir. 2008). The grievance, responses, and grievance report are internal MDOC records. They are not public records.[2] *See Rickner v. Hutchinson*, 1:08-cv-139, 2009 WL 1212815, at * 2 (W.D. Mich. May 1, 2009); *see also Williams v. Davis*, No. 3:09-cv- 296, 2009 WL 3450952, at * 2 (N.D. Tex. Oct. 26, 2009); *Hicks v. Irvin*, No. 06-cv-645, 2008

---

[2]The MDOC Policy Directive attached to defendants' brief (docket # 15-2 at ID #s 71-77) is a public record. *See Argue v. Burnett*, No. 1:08-cv-186, 2010 WL 1417633, at * 4 (W.D. Mich. Apr. 1, 2010).

WL 2078000, at * 2 (N.D. Ill. May 15, 2008); *cf. Bradfield v. Correctional Med. Servs.*, 1:07-cv-1016, 2008 WL 5685586, at * 4 (W.D. Mich. July 3, 2008). These exhibits are not amenable to "judicial notice." Judicial notice "is a limited tool," and for it to be available, "a high degree of indisputability is the essential prerequisite." *Ventana Med. Sys., Inc. v. St. Paul Fire & Marine Ins. Co.*, No. CV 09-102, 2010 WL 1752509, at * 23 (D. Ariz. Jan. 13, 2010). Judicial notice is limited to documents "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Bowers v. Wynne*, 615 F.3d 455, 470 (6th Cir. 2010)(Rogers J. concurring) (quoting FED. R. EVID. 201(b)). The Sixth Circuit handles a significant volume of prisoner litigation, yet it has *never* held that prisoner grievances, grievance responses, and grievance reports fall within the public records or any other exception to the general rule. Any innovation in this regard is the province of the Court of Appeals rather than this court. *See Rickner*, 2009 WL 1212815, at * 2. As far as this court is concerned, grievance documents are internal prison records whose accuracy is not susceptible of confirmation by public sources. They therefore must be authenticated by a person with knowledge.

**3.**

A summary judgment motion is the appropriate procedural vehicle under the Federal Rules of Civil Procedure for a defendant relying on evidence outside the pleadings to establish an affirmative defense under 42 U.S.C. § 1997e(a). *See Dillon v. Rogers*, 596 F.3d 260, 270-72 (5th Cir. 2010); *Hernandez v. Coffey*, 582 F.3d at 307-09; *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008); *accord Bruce v. Correctional Med. Servs., Inc.*, 2010 WL 2842736, at * 2; *Fargas v. United States*, 334 F. App'x 40 (8th Cir. 2009); *Reyes v. Sobina*, 333 F. App'x 661, 662-63 (3d Cir. 2009).

"[W]hether a motion for failure to exhaust under the PLRA may be raised under Rule 12(b) or Rule 56 is not determined by whether the defense asserted in the motion goes to the 'merits' of the claim. Regardless of whether a judgment is sought on the merits or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (*i.e.*, exhaustion, issue or claim preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion." *Tompkins v. Stephens*, No. Civ. S-072346, 2010 WL 703074, at * 2 (E.D. Cal. Feb. 25, 2010); *see Bruce v. Correctional Med. Servs., Inc.*, 2010 WL 2842736, at * 2-3.

        Defendants invite the court to follow an approach endorsed by a divided Eleventh Circuit panel in *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008). The *Bryant* majority characterized motions seeking dismissal based on the affirmative defense of 42 U.S.C. § 1997e(a) and relying on evidence outside the pleadings as "unenumerated Rule 12(b) motions" in the nature of a matter in abatement.³ 530 F.3d at 1374-75. "A 'matter in abatement' is 'the suspension or defeat of an action for a reason unrelated to the merits of the claim.'" *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005) (quoting BLACK'S LAW DICTIONARY 3 (8th ed. 2004)). It is impossible to reconcile this approach with the clear guidance the Supreme Court provided in *Jones v. Bock* and the express terms of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 212-17; *Dillon*, 596 F.3d at 271; *Pavey*, 544 F.3d at 741; *Bryant*, 530 F.3d at 1382 (Wilson J. dissenting) ("I am unaware of, and majority

---

³The heresy of treating a motion raising the section 1997e(a) affirmative defense as an "unenumerated Rule 12(b)" motion began with the Ninth Circuit's 2003 decision in *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), and it persists within the Ninth Circuit after *Jones v. Bock*. *See Morton v. Hall*, 599 F.3d 942, 945-46 (9th Cir. 2010).

does not point out, any precedent wherein this court has treated exhaustion, or any other affirmative defense, as a 'matter in abatement,'" and by "departing from our usual procedural practice" and "treating exhaustion under the PLRA under this novel procedural framework, the majority adopts an approach that is in tension with *Jones*.").

The Federal Rules of Civil Procedure are modified through an amendment process rather than by "judicial interpretations" recognizing "unenumerated" rules. *See Jones v. Bock*, 549 U.S. 217. Pleas in abatement were abolished in 1938 with the adoption of the Federal Rules of Civil Procedure. *See* 5 FEDERAL PRACTICE & PROCEDURE § 1181 at 14 ("Rule 7 unceremoniously abolishes a great deal of the ancient procedural dogma that has little place in a streamlined litigation system."); *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 720 (5th Cir. 1995) ("With the adoption of the Federal Rules of Civil Procedure in 1938, and pursuant to the Rules Enabling Act, the Supreme Court abolished the plea in abatement and replaced it with motions to dismiss under Federal Rules of Civil Procedure 12(b) or 41."). The most recent Sixth Circuit decision addressing a "matter in abatement" is more than a hundred years old. *See American Bonding & Trust Co. v. Gibson County*, 145 F. 871 (6th Cir. 1906). The Sixth Circuit has never recognized any unenumerated Rule 12(b) motion.[4]

It is extraordinarily unlikely that the Sixth Circuit would follow the Eleventh Circuit's textually unsupported approach, especially after being reversed and criticized at length in *Jones v.*

---

[4] The lack of textual support in the Federal Rules of Civil Procedure makes it impossible for the court to direct the *pro se* plaintiff to the specific rule relied on by the moving party or cite relevant Sixth Circuit authority defining what evidence, if any, a plaintiff confronted with an unenumerated Rule 12(b) motion must produce in his response. The appellate standard of review to be applied to a lower court's decision granting or denying such a motion, if recognized, remains equally elusive.

*Bock* for far less drastic departures from the usual practice under the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. at 212-17. The Eleventh Circuit's approach is contrary to the Sixth Circuit's handling of exhaustion requirements in the PLRA and all other contexts. *See e.g.*, *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-63 (6th Cir. 2010) (affirming summary judgment on Title VII hostile work environment and retaliation claims based on failure to exhaust administrative remedies); *Bruce v. Correctional Med. Servs., Inc.*, 2010 WL 2842736 (reversing a district court's decision on a motion to dismiss and remanding the matter to the district court for consideration of the affirmative defense under § 1997e(a) under summary judgment standards); *Knighten v. General Motors Corp.*, No. 07-2559, 2009 WL 332821 (6th Cir. Feb. 12, 2009) (affirming summary judgment on a Labor Management Relations Act claim based on failure to exhaust administrative remedies); *Grace Community Church v. Lenox Township*, 544 F.3d 609 (6th Cir. 2008) (affirming grant of summary judgment dismissing claim under Religious Land Use and Institutionalized Persons Act (RLUIPA) for lack of ripeness); *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499 (6th Cir. 2004) (affirming summary judgment dismissing an ERISA claim for failure to exhaust available administrative remedies).

Although Rule 12(d) of the Federal Rules of Civil Procedure authorizes this court, in its discretion, to convert *sua sponte* a Rule 12(b)(6) motion into a motion for summary judgment, such conversion "should be exercised with great caution and attention to the parties' procedural rights." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009). Defendants offer no authority suggesting that a court abuses its discretion by declining to convert a motion to dismiss supported by unauthenticated exhibits. Here, the approach least likely to cause confusion was to dismiss defendants' procedurally flawed motion without prejudice to defendants' ability to file a

proper Rule 12(b)(6) motion challenging only the sufficiency of the complaint or a summary judgment motion, properly denominated as such, and supported with authenticated exhibits addressed to the affirmative defense of failure to exhaust remedies. *See* FED. R. CIV. P. 56(e)(1); *Alexander v. CareSources, Inc.*, 576 F.3d at 558; *Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993).

## **Conclusion**

This court cannot endorse defendants' obstinate insistence on sloppy practice. For the reasons set forth herein, defendants' motion for reconsideration (docket # 25) will be denied.

Dated: November 29, 2010     /s/ Joseph G. Scoville
                             United States Magistrate Judge